**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| SECURE NET ALARM SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-1173-MLB |
| | ) | |
| FORCE ALARM, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Force Alarm's responses to plaintiff's (1) third set of interrogatories, (2) third request for production of documents and (3) second request for admissions were due March 21, 2005. This matter is before the court on Force Alarm's motion for a 30-day extension of time (until April 20, 2005) to provide discovery responses. (Doc. 59). Plaintiff opposes the motion and also seeks an order directing Force Alarm to produce documents responsive to prior discovery requests. (Doc. 63). For the reasons set forth below, Force Alarm's motion shall be DENIED and plaintiff's motion for the production of documents shall be GRANTED.

As noted above, Force Alarm's discovery responses were due March 21, 2005. Rather than timely respond to plaintiff's discovery requests, Force Alarm moved for a 30-day

extension.[1]   Plaintiff opposes the extension, arguing that the request for a 30-day extension is another example of Force Alarm's dilatory tactics in responding to discovery.   More specifically, plaintiff contends that Force Alarm identified business records in its initial Rule 26(a) disclosures but, despite repeated requests, has yet to produce the documents.   Similarly, in response to plaintiff's first and second requests for production of documents, Force Alarm offered to produce certain documents.   Again, despite numerous requests by plaintiff, Force Alarm has not made the documents available for review and copying.[2]

Force Alarm does not challenge plaintiff's description of its discovery shortcomings and the court agrees that Force Alarm has engaged in a pattern of dilatory discovery tactics.[3] Equally important, Force Alarm's motion contains *no justification or reason* for an extension of time, a violation of D. Kan. Rule 6.1.[4]   Accordingly, Force Alarm's motion for an extension of time shall be DENIED.

---

[1]   The motion was filed at 3:36 p.m. on March 21.  No explanation has been offered why Force Alarm waited until the due date before moving for a 30-day extension of time.

[2]   Plaintiff's first request for production was served on September 15, 2004, and, as a professional courtesy, plaintiff allowed Force Alarm until November 19, 2004 to respond. Despite its requests on December 3, December 9, March 4 and March 10, plaintiff has yet to receive the documents.

[3]   Plaintiff's response brief was filed April 4, 2005.  No reply has been filed.

[4]   D. Kan. Rule 6.1 provides:

> All motions for an extension of time to perform an act required or allowed to be done within a specified time shall show ... (4) *the cause for the requested extension.*  (Emphasis added).

Although the motion for an extension of time has been denied, the docket reflects that Force Alarm served discovery responses to plaintiff's (1) third set of interrogatories, (2) third request for production of documents, and (3) second request for admissions on April 20, 2005 and, as a practical matter, Force Alarm's motion resulted in a 30-day extension of time.[5] Because of Force Alarm's pattern of dilatory discovery practices, the court will impose the following restrictions on any future motions by Force Alarm for extensions of time or modifications to the scheduling order:

> **Force Alarm's compliance with any deadline is not excused by the mere filing of a motion; Force Alarm must secure a court order *granting* the motion before the deadline has passed.  Any motion for an extension of time must also comply in all respects with D. Kan. Rule 6.1(a) & (b).[6]**

With respect to plaintiff's request for an order directing the production of documents, no response in opposition has been filed and plaintiff's motion shall be GRANTED as an uncontested matter pursuant to D. Kan. Rule 7.4.  Because of Force Alarm's dilatory tactics, the court will order that the documents be produced for review and/or copying at the office of plaintiff's counsel in Wichita, Kansas.

**IT IS THEREFORE ORDERED** that plaintiff's motion for an extension of time (Doc.

---

[5] The ruling on this motion was deferred based on representations that a reply brief would be filed by Force Alarm.  As noted, no reply brief was filed.

[6] This ruling is limited to the unique factual circumstances that have developed as a result of Force Alarm's dilatory conduct.

59) is **DENIED.**

      **IT IS FURTHER ORDERED** that plaintiff's motion for an order directing production of documents is **GRANTED.**   Force Alarm shall produce the documents related to (1) defendant's Rule 26(a) disclosures, (2) plaintiff's first request for production of documents, (3) plaintiff's second request for production of documents, and (4) plaintiff's third request for production of documents on or before **May 6, 2005 at the office of plaintiff's counsel in Wichita, Kansas.**

      **IT IS SO ORDERED.**

      Dated at Wichita, Kansas this 26th day of April 2005.


                  S/ Karen M. Humphreys
                  _____
                  KAREN M. HUMPHREYS
                  United States Magistrate Judge